**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4607-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JUAN A. RIPOL, a/k/a JUAN
ANTONIO RIPOL-TAVARES,

    Defendant-Appellant.

_____

Submitted November 27, 2018 – Decided  January 23, 2019

Before Judges Hoffman and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 07-05-0849.

Joseph E. Krakora, Public Defender, attorney for appellant (Kevin G. Byrnes, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Svjetlana Tesic, Assistant Prosecutor, on the brief).

PER CURIAM

Seeking to avoid deportation nearly nine years after his conviction of drug and money laundering charges, defendant Juan Ripol appeals from a May 23, 2017 Law Division order denying his petition for post-conviction relief (PCR). He claims he received ineffective assistance of counsel when he pleaded guilty in 2007 because his plea counsel did not advise him he would be deported. On both factual and legal grounds, we reject defendant's contentions and affirm denial of his PCR petition.

I.

Defendant is not a United States citizen. He is a citizen of the Dominican Republic, and contends that he came to the United States before the age of two. He had one disorderly person's offense, which was drug related, before his 2006 arrest for possession of fourteen bags of marijuana, weighing approximately seven ounces, on his person, and possession of additional marijuana and paraphernalia in his apartment, along with $15,146. A Hudson County grand jury indicted him on charges including third-degree possession of marijuana with intent to distribute in a school zone, N.J.S.A. 2C:35-7, and third-degree money laundering, N.J.S.A. 2C:21-25. If convicted of those charges, defendant faced a minimum mandatory term of three years imprisonment and a maximum state prison term of ten years. N.J.S.A. 2C:35-7; N.J.S.A. 2C:43-6(a)(3).

A-4607-16T4

With the advice of counsel, defendant accepted a plea offer, in accordance with N.J.S.A. 2C:35-12, that would avoid the mandatory period of incarceration and instead recommend a sentence of probation. At his October 26, 2007 plea hearing, defendant admitted he possessed the marijuana, and "in the event that one of [his] friends or anyone wanted some[, he] would sell it to them . . . ." In addition, defendant answered, "Yes. I understand," to the following inquiry by the judge: "[This] conviction could be used against you by immigration or customs to deny citizenship, or change your status in this country, or even deportation. Do you understand that?" Further, the risk of deportation was addressed in a written plea form signed by defendant as part of the record of his guilty plea. Question 17 of the plea form asked: "Do you understand that if you are not a United States citizen or national, you may deported by virtue of your plea of guilty?" Defendant answered "yes."

On January 17, 2008, the judge sentenced defendant to two years of probation with fifty hours of community service, and the forfeiture of the $15,146 found at defendant's apartment. Defendant served his probationary sentence and did not file a direct appeal.

On November 2, 2016, almost nine years after his plea and conviction, defendant filed the PCR petition under review. In a supporting certification,

defendant stated he was "currently in deportation proceedings for accepting the plea." By the time of his PCR hearing, defendant had been deported to the Dominican Republic. The PCR judge found excusable neglect for the filing of defendant's petition beyond five years of his conviction and sentence, apparently because the plea judge did not mention his right to file a PCR petition at his plea hearing or sentencing. The PCR judge therefore addressed the merits of defendant's petition; in an oral statement of reasons, the judge denied PCR without an evidentiary hearing.

On appeal, defendant makes the following arguments:

POINT I

THE DEFENDANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN COUNSEL PROVIDED MISLEADING INFORMATION ABOUT THE EFFECTS OF THE GUILTY PLEA ON THE DEFENDANT'S IMMIGRATION STATUS.

POINT II

THE PLEA AGREEMENT SHOULD BE SET ASIDE BECAUSE IT WAS THE RESULT OF A MANIFEST INJUSTICE.

POINT III

THE DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING.

We are not persuaded by these arguments, as defendant's submissions did not make a prima facie showing of ineffective assistance of counsel leading to his guilty plea.

## II.

### A.

To establish a prima facie case of ineffective assistance of counsel, defendant must satisfy the two-prong test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant must show . . . counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). Defendant must then show counsel's deficient performance prejudiced the defense. Ibid. To show prejudice, defendant must establish by "a reasonable probability" that the deficient performance "materially contributed to defendant's conviction . . . ." Id. at 58.

PCR is New Jersey's analogue to the federal writ of habeas corpus. State v. Afanador, 151 N.J. 41, 49 (1997) (citing State v. Preciose, 129 N.J. 451, 459 (1992)). It is the vehicle through which a defendant may, after conviction and sentencing, challenge a judgment of conviction by raising issues that could not

5

have been raised on direct appeal and, therefore, ensures that a defendant was not unjustly convicted. State v. McQuaid, 147 N.J. 464, 482 (1997) (citation omitted).

The denial of an evidentiary hearing for a PCR petition is reviewed for an abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). However, reviewing courts "may exercise de novo review over the factual inferences the trial court has drawn from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014).

"If a claim of ineffective assistance follows a guilty plea, the defendant must prove counsel's constitutionally deficient representation and also 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Brewster, 429 N.J. Super. at 392 (quoting Hill v. Lockhart, 474 U.S. 52, 59, (1985)) (other citation omitted).

## B.

Defendant's substantive claims of his counsel's alleged ineffectiveness are insufficient to warrant an evidentiary hearing, let alone an order setting aside his prior convictions. Because defendant was convicted long before the United States Supreme Court issued its seminal 2010 opinion in Padilla v. Kentucky, 559 U.S. 356, 367 (2010) concerning deportation consequences to a criminal

defendant, his claims are governed by the standards of <u>State v. Nunez-Valdez</u>, 200 N.J. 129 (2009). Under those pre-<u>Padilla</u> standards, a defendant seeking relief based upon post-conviction deportation consequences can only prevail if he demonstrates that his prior counsel provided him with affirmatively misleading advice about such consequences flowing from a guilty plea. <u>Id.</u> at 139-43; <u>see also</u> <u>State v. Santos</u>, 210 N.J. 129, 143 (2012).

In one of the two certifications defendant submitted to the PCR court, defendant asserted that "[n]either the [j]udge nor [his] attorney ever told [him] that [he] was subject to mandatory removal for aggravated felony by accepting the plea pursuant to" the statutes he pled guilty to violating. In the other certification, defendant stated that his "attorney never advised [him] to speak to an immigration attorney prior to accepting the plea," and that he "never would have accepted this plea if [he] kn[ew] . . . about the federal guidelines regarding deportation involving the crimes [he] pled guilty to." Finally, in his pro se brief before the PCR court, which he labelled as a "certification" but did not certify his statements as true – as he did in the other two certifications – defendant asserted "that his counsel not only failed to advise him of this consequence . . . but also told him that he 'did not have to worry about immigration status.'" Defendant provided no substantiation as to this factual assertion, nor did

defendant's PCR counsel mention the alleged event in his brief to the PCR judge, or at the PCR hearing. Rather, defendant's PCR counsel only asserted that defendant's plea counsel should have advised defendant of the consequences pertaining to deportation if he pleaded guilty, and should have advised defendant to speak with an immigration attorney.

At most, defendant's petition alludes vaguely to his former attorneys' failure to tell him about deportation consequences. Such "bald assertions" of ineffectiveness are inadequate to support a prima facie claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999); see also State v. Porter, 216 N.J. 343, 349 (2013). The PCR judge correctly denied defendant's petition without an evidentiary hearing.

Defendant also argues he received ineffective assistance when his trial counsel failed to contest the search and seizure in the case. Although a suppression motion was filed, it was withdrawn when the plea agreement was reached. The PCR judge found the withdrawal of the motion was reasonable and that defendant benefitted from the plea agreement. We see no merit in defendant's allegations regarding the withdrawal of the suppression motion. Defendant did not assert a colorable claim of innocence, and the evidence

against him was overwhelming. Nevertheless, defendant received a very favorable plea agreement, which allowed him to avoid a state prison term.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4607-16T4